IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALFRED HARDING; CAPITAL INVESTMENTS TRUST; MALISA HARDING, a.k.a., MALISA DE OCHOA; and SISKIYOU COUNTY,<br><br>　　　　Defendants. | Case No. 2:19−CV−00871−WBS−CKD<br><br>**ORDER OF FORECLOSURE AND JUDICIAL SALE** |

　　　　On March 13, 2020, the Court ordered foreclosure of the United States' tax liens against the Subject Property, described below. Dkt. No. 33. In light of the COVID-19 pandemic, the United States refrained from submitting a Proposed Order of Sale and Judicial Foreclosure until a later date. *See* Dkt. No. 35. This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002 and 26 U.S.C. §§7402 & 7403. The Court hereby ORDERS as follows:

　　　　1.　　　　This Order pertains to real property owned by Alfred Harding ("Subject

Property"), which is commonly referred to as Unit 3, Lot 155, Lake Shastina, Weed, CA 96094, and is more particularly described as follows:

> Lot 155 of Unit 3 of Lake Shastina Subdivision as recorded in town map book 4, pages 169 to 172 inclusive in the records of the County of Siskiyou in the State of California.

Dkt No. 1, at ¶ 11.

2. Alfred Harding is the sole owner of the Subject Property.

3. The United States has valid and subsisting tax liens on all property and rights to property of Alfred Harding, including the Subject Property. *See* Dkt. No. 33, at ¶ 6. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4. The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

5. The terms and conditions of the sale are as follows:

a. Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests of parties to this action, with the proceeds of such sale to be distributed in accordance with the priority of the lienholders set forth in paragraph 10, below.

b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c. The sale shall be held at the United States District Court for the Eastern District of California or on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Siskiyou County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to the sale under federal law, and state or local law regarding redemption rights do not apply to this sale.** The notice or notices of sale shall describe the Subject

        Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e.    The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.    Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.    The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining

        to be applied first to the federal tax liabilities of Alfred Harding. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit against its judgment without tender of cash.

h.    The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.    Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

j.    Upon confirmation of the sale or sales, the interests of, liens against, or claims to the Subject Property held or asserted by the United States and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. **Redemption rights under state or local law shall not apply to this sale under federal law.**

k.    Upon confirmation of the sale, the purchaser or purchasers are responsible for having the Recorder of Deeds of Siskiyou County, California cause the transfer of the Subject Property to be reflected in the Siskiyou County property records.

6. Until the Subject Property is sold, Alfred Harding shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. He shall keep current in paying real property taxes as they are assessed by Siskiyou County. He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of Court and punishable as such.**

7. All persons occupying the Subject Property shall leave and vacate permanently the property no later than 15 days after the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office or his/her representative is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office, his/her representative, or the PALS representative is authorized and directed to remove and

dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

8. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

9. If any person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 7, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for counsel for the United States, Rika Valdman, at (202) 514-6056.

10. The Marshal, his/her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Siskiyou County for the real property taxes entitled to priority over prior security interests, as provided by 26 U.S.C. § 6323; and third, to the United States of America to satisfy or partially satisfy the federal tax liabilities of Alfred Harding. Should there then be any remaining proceeds, those proceeds

Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00871-WBS-CKD)            7

should be distributed to Alfred Harding. Upon deposit of the funds with the Court's registry, the parties shall provide an accounting of the outstanding balances due to them.

IT IS SO ORDERED.

Dated: September 16, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE